## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       **MEMORANDUM OF LAW & ORDER**
       Criminal File No. 21-00074 (MJD)

XAVIER JEROME BUCKHANAN,

       Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Xavier Jerome Buckhanan, pro se.

## I.     INTRODUCTION

This matter is before the Court on Defendant Xavier Jerome Buckhanan's

Pro Se Renewed Motion to Compel the production of a BCA purity test run on

methamphetamine seized in this case. (Doc. 131.)

## II.    BACKGROUND

### A.     Sentencing

On December 14, 2021, Defendant Xavier Jerome Buckhanan pled guilty to

Count 1 of the Indictment, Conspiracy to Distribute Methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. In his plea

agreement, Buckhanan "knowingly, willingly, and voluntarily [gave] up the

1

right to file any pre-trial motions in this case." (Plea Agree. ¶ 3.) He also waived

his right to appeal any sentence under 28 U.S.C. § 2255 except based on

ineffective assistance of counsel. (Id. ¶ 12.)

On July 6, 2022, the Court sentenced Buckhanan to 160 months in custody

followed by five years supervised release.

At sentencing, the Government argued that a purity test received after the

PSR was completed showed that the methamphetamine seized in the case was

pure, which would raise the base offense level. (Doc. 85 (Sent. Trans.) at 3.) The

Government calculated Buckhanan's base offense level at 34, rather than the 32

provided for in the PSR, which was based on a methamphetamine mixture. (Id.)

Defense Counsel argued that Buckhanan's Guidelines should be calculated based

on a base offense level of 32. (Sent. Trans. at 4.) The Court applied the mixture

guidelines and Buckhanan's base offense level remained 32. (Id.)

### B.    Buckhanan's Post-Conviction Motions

On February 2, 2024, Buckhanan filed a motion to vacate his sentence.

(Doc. 87.) The motion was filed approximately six months after the deadline to

file such a motion passed. The Government moved to dismiss the motion as

time-barred and on May 17, 2024, the Court granted the motion to dismiss.

2

(Docs. 94, 101.)  However, in so doing, the Court also addressed the merits of

Buckhanan's claims, including his claim that the Government committed a <u>Brady</u>

violation by not providing him with the final lab results proving that the

methamphetamine was of the purity that the Government asserted, among other

things.  (Doc. 101.)  In its order, the Court reiterated that it did not "consider the

purity of the methamphetamine when it sentenced Buckhanan" and that it

therefore adopted the methamphetamine mixture base offense level of 32 from

the PSR.  (<u>Id.</u> at 13-14; <u>see also</u> PSR ¶ 23; Doc. 72 (Statement of Reasons) at 3.)

The Court declined to issue a certificate of appealability.  (Doc. 101 at 28.)

On August 12, 2024, the Court denied Buckhanan's Motion for

Compassionate Release.  (Doc. 113.)  On August 27, 2024, the Court denied

Buckhanan's Motion to Request Certificate of Appealability.  (Doc. 117.)  On

August 30, 2024, the Court denied Buckhanan's Motion for Relief Under Rule

60(b) of the Federal Rules of Civil Procedure.  (Doc. 120.)  On October 3, 2024, the

Court denied Buckhanan's Successive Motion for Relief under 28 U.S.C. § 2255.

(Doc. 128.)

## III.    DISCUSSION

In his current motion, Buckhanan asks the Court to order the Government or his former counsel to produce the purity test, in part, because he is "preparing an application for a Certificate of Appealability and must rest his claims on the finding within that test." (Doc. 131 at 2.) He also asserts that he needed the information for his prior § 2255 motions. (Id.) Buckhanan argues that the Government's failure to provide this test was a <u>Brady</u> violation under Federal Rule of Criminal Procedure 16 and therefore a due process violation.

The Government obviously has an obligation to comply with its <u>Brady</u> obligations. <u>See, e.g.</u>, <u>United States v. Glass</u>, No. 22-CR-75 (MJD/TNL), 2022 WL 2712881, at *2 (D. Minn. July 13, 2022). However, <u>Brady</u> only requires disclosure of "material and exculpatory" evidence. <u>United States v. Vieth</u>, 397 F.3d 615, 619 (8th Cir. 2005). As discussed in the Court's previous order, the test results did not contain exculpatory evidence. On the contrary, the results contained evidence that would have increased Buckhanan's base offense level.

In addition, to the extent Buckhanan argues a violation of Rule 16, Buckhanan waived his right to file any pretrial motions, including discovery motions, in his plea agreement because Rule 16 motions are categorized as

discovery motions under the Federal Rules of Criminal Procedure.  <u>United States</u> <u>v. Jackson</u>, No. CR 21-216(4) (DWF/DTS), 2025 WL 1031157, at *3 (D. Minn. Apr. 7, 2025) (citing Fed. R. Crim. P. 12(b)(3)(E)).  Buchanan's plea agreement will be enforced.  Moreover, as explained in the Court's previous order, the Court did not consider this evidence in sentencing Buckhanan.

Finally, if the Court construes Buckhanan's motion as a claim for discovery related to his § 2255 motion (Doc. 131 at 2 (Buckhanan needed the test "on his prior § 2255 motions")), that claim is moot.  Buckhanan's § 2255 motion was untimely and has been dismissed (Docs. 101 at 29; 128).  <u>See</u> <u>Jackson</u>, 2025 WL 1031157, at *3 (holding that any discovery request related to dismissed § 2255 motion was moot).  Furthermore, because the Court denied him a certificate of appealability, Buckhanan's argument that he needs the discovery to prepare an appeal is without merit.  (<u>See</u> Doc. 101 at 28.)

Based on the above discussion, Buckhanan's motion will be denied as waived under the terms of his plea agreement.  Moreover, the motion is moot because the Court dismissed his previous § 2255 motion.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED** Defendant Xavier Jerome Buckhanan's Renewed Pro Se

Motion to Compel **[Doc. 131]** is **DENIED**.


Dated:   April 24, 2025                         s/Michael J. Davis
                                                Michael J. Davis
                                                United States District Court